UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-10057-CV-KING
MAGISTRATE JUDGE REID

HAROLD GLENN REECE,

    Plaintiff,

v.

MONROE COUNTY JAIL, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

This matter is before the Court on a *sua sponte* review of the record. This cause has been referred to the Undersigned for Report and Recommendation on any dispositive matter pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Fla. Admin. Order 2019-2. [ECF No. 2].

On June 23, 2020, the Undersigned Ordered Plaintiff to file an amended complaint by **July 20, 2020**. [ECF No. 7 at 13] (emphasis in original). In the Order, Plaintiff was also warned that "failure to file the Amended Complaint on time … may result in dismissal of this case for failure to prosecute or failure to comply with court orders." [*Id.*] (citing Fed. R. Civ. P. 41(b)).

Plaintiff filed what the Clerk of Court titled an "Amended Complaint," but it was not in compliance with the Undersigned's Order and it appears to have been

sent before the Undersigned issued the Order to Amend. [ECF No. 10]. Because it most likely crossed in the mail with the Order to Amend, rather than recommend the case be dismissed at that time, the Undersigned struck the pleading and notified Plaintiff that his amended complaint must be filed by July 20, 2020 and be done in compliance with the Undersigned's Orders. [ECF No. 13]. The time for filing his amended complaint has expired, and even given an additional timeframe to comply, Plaintiff has not filed anything further in this case.

This Court has the inherent authority to govern its proceedings. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). Such authority includes the power to dismiss a case for failure to prosecute or for failure to comply with a court order under Fed. R. Civ. P. 41(b). *See id. See also Equity Lifestyle Props, Inc. v. Fla. Mowing & Landscape Servs., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting *Chambers,* 501 U.S. at 43).

"While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Under these circumstances, this case should be dismissed pursuant to the Court's inherent authority and Fed. R. Civ. P. 41(b) for Plaintiff's failure to comply with the Undersigned's two Orders and for want of prosecution.

Thus, it is **RECOMMENDED** that Plaintiff's Complaint [ECF No. 1] be **DISMISSED** without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and for failure to comply with Court Orders and all that pending motions be **DENIED AS MOOT**.

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to do so will bar a *de novo* determination by the District Judge of anything in the Report and Recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *see also Thomas v. Arn,* 474 U.S. 140, 149 (1985).

DONE AND ORDERED at Miami, Florida this 21st day of September, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc:
**Harold Glenn Reece**
09009212
Monroe County Jail
Inmate Mail/Parcels
5501 College Road
Key West, FL 33040
*PRO SE*